IN THE DISTRICT COURT OF KANSAS,
IN KANSAS CITY, KANSAS

Jonathan Pennington, et. al.

            :   Case No. 21-2591-DDC-JPO

 Plaintiff

            :

v.

            :

Kevan Meyers and Co-Conspirators, et al. :

            :

 Defendant

## MOTION FOR SANCTIONS

Now come Defendants, David Daubenmire and Pass the Salt Ministries, and move this Court to impose sanctions on the Plaintiffs, pursuant to Fed. R. Civ. P. 11.

## LEGAL STANDARD

Upon the signing of a pleading, motion or other paper, counsel, or the pro se litigant in this case, the signator affirms to the Court that

"(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Fed. R. Civ. P. 11(b).

Defendants (for purposes of this motion, Defendants refers to David Daubenmire and Pass the Salt Ministries collectively, and not the other defendants unless otherwise noted.) contend that the Complaint and Amended Complaint violate Rule 11 (b)(1), (2) and (3), and violated it to such an extent that the Court must grant sanctions to prevent another egregious abuse of the Court by these vexatious Plaintiffs.

## ARGUMENT

The right to petition a Court to redress grievances is sacrosanct to Americans since the signing of the Bill of Rights. However, since the signing of the Bill of Rights it has been understood that the process is not unlimited, and abusers of the right must be sanctioned. Congress codified that understanding with Rule 11. States have gone further regarding the first amendment, with 31 states (including Kansas) now having enacted anti-SLAPP laws, creating a special category of sanctions for lawsuits designed to stifle speech.[1] Congress has not yet enacted an anti-SLAPP statute, but the growing trend in America is to recognize that lawsuits as a weapon to stifle Constitutional rights must be punished. Rule 11 is the only current means of "SLAPPING" vexatious litigators Federally, but the Court must recognize the importance of sanctioning lawsuits brought to silence First Amendment rights and the public interest in doing so.

Defendants are aware and agree with the concept that sanctions should be rare and reserved for only the most extreme circumstances, because the flippant granting of sanctions would have a chilling affect on the presentation of genuine claims by wronged individuals. However, reviewing the filings of this case make it clear that this is that extreme case that calls

---

[1] https://www.rcfp.org/introduction-anti-slapp-guide/

for extreme sanctions. The Complaint and Amended Complaint (collectively "Complaint") were brought solely for improper purposes, intending to harass the Defendants, drive up costs, deny protected constitutional rights, and/or smear their names. It is clear from the face of the complaint that there is no proper purpose for the Complaint, and 11(b)(1) will be addressed first.

David Daubenmire is a lifelong resident of Ohio, who founded and runs Pass the Salt Ministries. Among their believes are the belief that abortion is the termination of a human life, and that abortion violates Christian principles and the norms of a decent society. Clearly there are many differing views on abortion as it has been a contentious topic nationally, and this motion is not to debate the wisdom of abortion. However, it is important to note that the Defendants' beliefs about abortion are Constitutionally protected and held by many Americans. Defendants feel strongly about their pro-life beliefs, and have picketed abortion clinics in multiple states, with the vast majority being in Ohio. Being experiences picketers, Defendants are always cognizant of the legalities regarding picketing, knowing they cannot harass people seeking abortion services, cannot block entryways, cannot make threats, and must stick to designated areas. Despite years of pro-life picketing, Defendant Daubenmire has never been arrested, charged, or convicted of an offense related to protesting an abortion clinic. Yet despite this, Plaintiffs' prayer for relief demands that the Defendants be barred from being within 1,000 feet of ALL places providing legal abortions. They can cite no conduct by the Defendants that was in any way unlawful, both to them specifically, or to any person in general. The prayer for relief, without any supporting factual allegations, makes it clear that the sole purpose, and only possible purpose of requesting this relief is to deny Defendants their Constitutional rights under the First Amendment.

Further proof of this is that David Daubenmire has never met, nor heard of either of the Plaintiffs (if he had met them at any time, it was in passing to the point he does not recall them). When he was (improperly) served a summons (which did not contain the Complaint), it was his first time seeing the names Jonathan and Brooke Pennington. He has never conducted any anti-abortion or any ministry work in Kansas City and has only picketed an abortion clinic in Kansas once, which was well over ten years ago in Wichita and was conducted without incident. To the Defendants best guess, they were added to this lawsuit because a Google search showed that they were strongly pro-life. There is no other explanation given that Defendant Daubenmire does not know who the Plaintiffs are.

Plaintiffs allege that Defendants are "Co-conspirators" with Defendant Meyers and others. Defendant Daubenmire has never met Kevan Meyers and does not know who he is. Of the human Defendants, David Daubenmire has only met Russell Hunter, Jason Storms, Rusty Thomas, the Yoders and the Zastrows. Plaintiffs are accusing Defendants of conspiring with people they have never met nor communicated with. A conspiracy requires concerted coordinated action. Even if 100 people do the same thing, if they do not plan or discuss it, it is not a conspiracy. Plaintiffs used Google or another search engine to find pro-life people that they didn't know, and who mostly do not know each other, and to sue them in a shotgun blast of a lawsuit in hopes of either violating their First Amendment rights, harassing them, or forcing them to spend money. There can be no other logical purpose for bringing these two Defendants into this case. Moreover, there is no evidence that Brooke Pennington has sought an abortion, much less been denied access to an abortion by these Defendants. There are no damages done by these Defendants to the Plaintiffs. Their prayers for relief are absurd. One Hundred Million Dollars in damages, plus treble damages without citing any authority for treble damages. The

amount demanded is so absurd that on its face it gives away the absurdity of the lawsuit, as if Plaintiffs are doing their best Dr. Evil impersonation with their pinky to their mouth ("One Hundred Billion Dollars"). They also ask for injunctions and restraining orders that are more properly asked for in a local State Court, as they appear to ask a Federal Court to issue a Civil Protection/Stalking Order against their persons permanently. As this Court is well aware, a federal lawsuit is not the place to seek a Civil Protection/Stalking Order. Finally, they ask for a criminal referral, despite no evidence or allegations that they have contacted any law enforcement agency, prosecutor, or attorney general. This is perhaps they know filing a false report is a crime and this is their attempted work-around. The Plaintiffs appear to have thrown together as many legal terms as they could define, with little to no understanding of how the cited statues work and need to be pled, nor how to properly obtain the relief sought.[2]

There is no possible good-faith reason that these Defendants are in this case. Plaintiffs brought this suit solely to harass and deny Constitutional rights. At best there are allegations of specific acts against Defendant Meyers, absurd as they may be. There are no allegations of any specific acts by Defendants Daubenmire and Pass the Salt Ministries. The Plaintiffs found pro-life people and organizations and wants to take away their rights and cause them trouble. There is no other logical purpose for this lawsuit, and that is why the Plaintiffs must be sanctioned.

The main reasons sanctions are warranted is Rule 11(b)(1), but it should be noted that the Amended Complaint also violates 11(b)(2) and (3). In regard to (2) and (3), the claims, if taken as true, do not violate the cited statutes, or contain so little evidential support they can be described as "you violated it because I said so."[3] Taking the claims in order:

---

[2] Not to mention, as the Court has pointed out in the show cause order, four of the cited statutes do not create private causes of action.

[3] Defendants would refer the Court to their motion for judgment on the pleadings for the legal arguments regarding the lack of facts regarding this pleading.

(1) 18 U.S.C. § 242, is a about violating rights under the color of law ("Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights'). There isn't any allegation that would support any defendant acting under "Colour (sic) of law." There is no allegation that any Defendant acted under any grant of governmental authority, so this claim is not supported by law. Plaintiffs then go on to state that through §242 that they have had their rights to an abortion and access to abortion clinics violated. Since again, there is no allegation that would support color of law, these claims are on their face frivolous, but there are no acts alleged that, were they done under the color of law, would have violated any of the rights alleged to have been violated.

(2) Plaintiffs allege a RICO violation for "Violation of prohibited activities under the 1970s RICO laws, in a manner demonstrating "Open Ended Continuity". Notwithstanding the issue that you cannot violate a prohibited activity, and assuming they meant committing prohibited activities, there are no factual allegations that would support a RICO violation.

(3) FACE is cited again, without factual allegations from these Defendants, only that "abolitionists" have done so in the past.

(4) Stalking. Defendant Daubenmire has never met nor communicated with the Plaintiffs. There are no allegations evidence that he has, so this is completely frivolous.

(5) Hate Crimes. Plaintiffs do not allege any facts that would mean a crime is committed. Moreover, they do not allege any facts that they were targeted for

6

anything because they were a member of a protected class, or that the Defendants acted out of animus toward that class.

(6) Domestic Terrorism. This is not supported by any evidence, allegation, or reference to a statute.

## CONCLUSION

It is abundantly clear that this lawsuit was brought in bad faith, has no factual allegations that would lead violations of anything plead by Defendants Daubenmire and Pass the Salt, and bears no relation to the statutes cited. The Court must construe the complaint liberally for pro-se litigants, but the pro se litigant must follow the same rules as lawyers.[4] This is particularly true when it comes to bad faith. A pro se litigant may be pitied for not knowing some legal procedure only a seasoned attorney would know (though the law would allow only pity, not leniency). This is not a case of a pro se litigant screwing up a complex law or legal procedure. This is someone acting in bad faith, with bad intentions, and with no respect for the law, this Court, or Constitutional Rights. While the Plaintiffs obviously can file any case pro se, one has to wonder if the reason they are pro-se is that no lawyer would sign their pleadings and violate rule 11. They make no factual allegations against Defendants Daubenmire and Pass the Salt, and have had no personal interaction with them. There is no possible good faith explanation for this lawsuit against them. The sole purposes were nefarious. Denial of rights. Harassment. Intimidation. Expenses. This is the textbook definition of a vexatious lawsuit. When it is

---

[4] As the Court itself wrote in the show cause order "Because plaintiffs proceed pro se, the court construes their filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard doaun formal pleadings drafted by lawyers."). But, plaintiffs' pro se status does not excuse them from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

obvious not only that there is no good-faith reason for bringing a lawsuit, but that the only explanation is bad faith, the Court must act. This Court should not and cannot allow the process to be abused in this way. Without heavy sanctions, there is no reason to expect the Plaintiffs will not do this again. They have brought several innocent people into a farce of a lawsuit because they disagree with their pro-life views. Nothing could be more disrespectful to this Court and the Constitution itself, and it is an anathema to the values and freedoms we share as Americans. Sanctions are and should be used frequently, but this is the rare case where sanctions not only should be issued, but justice demands they be issued.

Respectfully Submitted,

David Daubenmire
Pass the Sale Ministries, by and through David Daubenmire
PO Box 744, Hebron, OH 43025
ptsalt@gmail.com
614-834-1750

The undersigned certifies that a copy of the foregoing was served upon the following this 10 day of Feb, 2022

Jonathan Pennington, 3403 Freeman Ave. Kansas City, KS 66102
Brooke Pennington 3403 Freeman Ave. Kansas City, KS 66102

David Daubenmire
Pass the Sale Ministries, by and through David Daubenmire