IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN PENNINGTON AND
BROOKE PENNINGTON,

        **Plaintiffs,**

v.

KEVAN MEYERS,

        **Defendant.**

Case No. 21-2591-DDC-RES

## MEMORANDUM AND ORDER

Pro se plaintiffs Jonathan and Brooke Pennington[1] filed this lawsuit against 52 named defendants alleging, generally, violations of federal law based on their alleged interference with plaintiffs' right to abortion and a right to access abortion clinics. *See generally* Doc. 18 (Am. Compl.). On March 4, 2022, the court entered an Order screening plaintiffs' Amended Complaint under 28 U.S.C. § 1915. Specifically, the court concluded that plaintiffs' allegations—even under the most liberal construction—failed to state a plausible claim against most defendants. But, the court also found that plaintiffs' allegations—liberally construed and taken as true—plausibly state a claim against three defendants—Kevan Meyers, Trey Jadlow, and Clifton Boje—for violating the Freedom of Access to Clinic Entrances (FACE) Act under 18 U.S.C. § 248. So, the court allowed plaintiffs to proceed on this single claim against those three

---

[1]     Because plaintiffs proceed pro se, the court construes their filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, plaintiffs' pro se status does not excuse them from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

defendants.[2]  But, the court dismissed all other claims and defendants under 28 U.S.C. § 1915—including defendant David Daubenmire.

Several days after the court dismissed Mr. Daubenmire from the lawsuit, he filed a Motion for Sanctions.  Doc. 66.  Mr. Daubenmire asks the court to award sanctions against plaintiffs under Federal Rule of Civil Procedure 11 because, he contends, plaintiffs filed their lawsuit against him "solely for improper purposes, intending to harass [him], drive up costs, deny protected constitutional rights, and/or smear his name."  Doc. 66 at 3.  On April 8, 2022, plaintiffs filed an untimely response to Mr. Daubenmire's motion.  *See* D. Kan. Rule 6.1(d)(1) (providing 14 days for filing a response to a non-dispositive motion).  After considering Mr. Daubenmire's arguments for sanctions and exercising its broad discretion when deciding whether to award sanctions, the court denies Mr. Daubenmire's Motion for Sanctions.  The court explains why, below.

### I.     Factual and Procedural Background

On December 22, 2021, plaintiffs commenced this action by filing their Complaint.  Doc. 1.  It asserted six causes of action against 52 defendants, including Mr. Daubenmire.[3]  The Complaint listed Mr. Daubenmire as one of 51 people who allegedly "co-conspired" with defendant Kevan Meyers "with the intent to interfere with women's right(s) to access abortion providers[.]"  Doc. 1-1 at 1.  Excluding this conclusory allegation, plaintiffs' original Complaint asserted no facts about Mr. Daubenmire or his alleged involvement in violating plaintiffs' rights.

---

[2]     The court since has dismissed Mr. Jadlow and Mr. Boje based on plaintiffs' voluntary dismissal of those defendants.  Doc. 69.

[3]     Plaintiffs spell this defendant's name as Dave Davenmire or Dave Dauvenmire.  Doc. 1-1 at 3.  The court spells Mr. Daubenmire's name as he spells it in his filings.  *See* Doc. 66 at 1.

On December 29, 2021, plaintiffs filed an Amended Complaint. Doc. 18. It again asserted six causes of action against defendant Kevan Meyers and "co-conspirators." *See generally id.* Plaintiffs' Amended Complaint doesn't contain any reference to or facts about Mr. Daubenmire.

On February 1, 2022, the court ordered plaintiffs to show cause why the court should not dismiss this action under 28 U.S.C. § 1915, for failing to state a claim on which relief may be granted. Doc. 52. On February 15, 2022, plaintiffs timely filed a Response to the court's Show Cause Order. Doc. 58. Plaintiffs' Response provided much more factual detail about events that allegedly occurred on December 18, 2021, when plaintiffs visited a Planned Parenthood clinic in Overland Park, Kansas to seek reproductive health services. It described specific interactions between plaintiffs and defendant Kevan Meyers (and others). *See generally id.* But, this filing never referenced Mr. Daubenmire and alleged no facts about his purported involvement in the facts giving rise to this lawsuit.

On March 4, 2022, the court issued a Memorandum and Order screening plaintiffs' Complaint under 28 U.S.C. § 1915 for failing to state a claim. Doc. 64. The court concluded that plaintiffs had failed to state a plausible claim against several defendants, including Mr. Daubenmire, and so it dismissed those defendants from the lawsuit. *Id.* at 20, 29.

A few days after the court dismissed Mr. Daubenmire from the lawsuit, he filed his Motion for Sanctions. Doc. 66. In it, he alleges that he is an Ohio resident who founded and runs Pass the Salt Ministries. *Id.* at 3. Mr. Daubenmire opposes abortion, and he has picketed abortion clinics in many states, mostly in Ohio. *Id.* at 3–4. But, he asserts, he never has picketed in Kansas City. *Id.* Mr. Daubenmire takes issue with plaintiffs' lawsuit because they "cite no conduct" by him "that was in any way unlawful, both to them specifically, or to any person in

general." *Id.* at 3. Indeed, Mr. Daubenmire alleges that he "has never met, nor heard of either of the Plaintiffs" and he'd never heard "the names Jonathan and Brooke Pennington" until he was served with the summons for this lawsuit. *Id.* at 4. Mr. Daubenmire asserts that only once has he protested at an abortion clinic in Kansas; and it was more than 10 years ago in Wichita—not Kansas City. *Id.* Mr. Daubenmire speculates that plaintiffs named him in this lawsuit "because a Google search showed that" he and his Pass the Salt Ministries "were strongly pro-life." *Id.*

Mr. Daubenmire denies plaintiffs' allegations that he "conspired" with the other 51 defendants to violate the law. *Id.* He asserts that he never has met most of the named defendants, including defendant Kevan Meyers. *Id.*

Mr. Daubenmire's Motion for Sanctions argues that plaintiffs' lawsuit against him is vexatious. *Id.* at 8. He reiterates that plaintiffs have made no specific factual allegations about him. *Id.* And thus, he contends this lawsuit against him is nefarious, harassing, and abusive. *Id.*

Plaintiffs' untimely response asks the court to deny Mr. Daubenmire's Motion for Sanctions. Doc. 73 at 5. It asserts that plaintiffs named Mr. Daubenmire as a defendant in this lawsuit because of his purported involvement in a "conspiracy or 'network' that . . . led to the harassment" of plaintiffs. *Id.* at 2. But again, plaintiffs provide only conclusory allegations of a "conspiracy" and allege no facts to support a plausible finding or inference that Mr. Daubenmire conspired with any of the originally-named defendants to violate plaintiffs' rights. Plaintiffs assert that they met Mr. Daubenmire several years ago at an anti-abortion rally in Jefferson City, Missouri. *Id.* at 3. They also allege that Mr. Daubenmire met defendant Kevan Meyers in Jefferson City. *Id.* But, their Response includes no facts about Mr. Daubenmire that could support a plausible claim against him. Plaintiffs argue, though, that the court should deny his

4

Motion for Sanctions because, according to them, they filed this lawsuit in good faith, and the court since has dismissed Mr. Daubenmire from the lawsuit.

## II.     Legal Standard

Rule 11 allows the court to impose sanctions when a party makes certain representations to the court that violate the Rule. Specifically, Fed. R. Civ. P. 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 requires that a party accused of violating the Rule must receive notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1). A party can file a motion seeking sanctions under Rule 11(c)(2) "within 21 days" after serving the party accused of violating the rule with the motion and "if the challenged paper, claim, defense, contention, or denial is [not] withdrawn or appropriately corrected within 21 days after service[.]" Fed. R. Civ. P. 11(c)(2).

If the court determines that a party has violated Rule 11(b), it may impose an appropriate sanction on the party who violated the Rule or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). And, on a motion for sanctions, the court, if "warranted, . . . may award to the

prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

A district court has "'broad discretion to impose Rule 11 sanctions.'" *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990)). But even so, the court must limit the sanction to one that is sufficient to deter the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4).

Also, the court recognizes that plaintiffs currently proceed pro se in this lawsuit. And, while plaintiffs' pro se status requires the court to construe their pleadings liberally, pro se plaintiffs still must comply with the Federal Rules. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (explaining that a litigant's "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure" (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994))).

### III.    Analysis

Here, Mr. Daubenmire provided plaintiffs notice of their perceived Rule 11 violation. Doc. 66-2 at 1. He served plaintiffs with his Motion for Sanctions on February 15, 2022, and he told plaintiffs that he would file that motion with the court if their "complaint against David Daubenmire . . . is not dismissed or withdrawn within 21 days[.]" *Id.* Plaintiff never dismissed Mr. Daubenmire from their lawsuit. Instead, the court dismissed Mr. Daubenmire from the action on March 4, 2022. Doc. 64. That dismissal occurred after the court had warned plaintiffs in its February 1, 2022 Order to Show Cause that their allegations failed to state plausible causes of actions against any defendant. And, the court gave plaintiffs the opportunity to supplement their Complaint with allegations asserted in their Response to the Show Cause Order. Yet,

nothing in plaintiffs' Response or any other filing has asserted facts about Mr. Daubenmire or his alleged involvement in the acts giving rise to this lawsuit.

Meanwhile, Mr. Daubenmire asserts that he engaged legal counsel to assist his efforts to defend this lawsuit. Doc. 70 at 1–2. Mr. Daubenmire proceeds pro se in this lawsuit. But, he asserts that his Ohio counsel helped him prepare his filings in this case but did not move to appear pro hac vice in this lawsuit because Mr. Daubenmire wanted to save costs. *Id.* at 2.

Before the court dismissed Mr. Daubenmire from the case, he filed a Motion for Judgment on the Pleadings (Doc. 43), a Response to plaintiffs' Motion to Strike his Motion for Judgment on the Pleadings (Doc. 54), and a Motion for Sanctions (Doc. 55), that Magistrate Judge James P. O'Hara dismissed without prejudice for failing to comply with the 21-day safe harbor provision in Fed. R. Civ. P. 11(c)(2) (Doc. 56). Mr. Daubenmire asserts that counsel "in Ohio assisted in the preparation of [these] filings[.]" Doc. 70 at 2. None of these filings disclose that they were prepared with the assistance of counsel.

While an American Bar Association opinion has approved the practice of ghostwriting for pro se litigants, *see* ABA Formal Op. 07-446 (May 5, 2007) ("A lawyer may provide legal assistance to litigants appearing before tribunals 'pro se' and help them prepare written submissions without disclosing or ensuring the disclosure of the nature or extent of such assistance."), both our Circuit and our court expressly have prohibited the practice of *undisclosed* ghostwriting, *see Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) (holding that "any ghostwriting of an otherwise pro se brief must be acknowledged by the signature of the attorney involved"); *see also Kear v. Kohl's Dep't Stores, Inc.*, No. 12-1235-JAR-KGG, 2012 WL 5417321, at *1 (D. Kan. Nov. 6, 2012) (refusing to condone the practice of undisclosed ghostwriting and noting that plaintiff's filing of a pro se complaint without disclosing her

7

counsel's involvement "violated various ethical rules of the Kansas Supreme Court, adopted by this Court by reference in D. Kan. Rule 83.6.1" including "Kansas Bar Association Legal Ethics Opinion No. 09-01" which is a "non-binding opinion of the KBA Ethics Advisory Opinion Committee" that "concludes that although no rule expressly prohibits that practice [of ghostwriting], a lawyer doing so must write 'Prepared with Assistance of Counsel' on the pleadings"). Following this guidance from our Circuit and our court, the court can't condone Mr. Daubenmire's filings which—he concedes—his counsel helped him prepare. But, those filings never disclosed that involvement until Mr. Daubenmire's most recent filing, submitted just two weeks ago. *See* Doc. 70.

After careful deliberation and exercising its broad discretion, the court elects to deny Mr. Daubenmire's Motion for Sanctions. Although plaintiffs' pro se filings haven't alleged sufficiently a plausible cause of action against Mr. Daubenmire, the record doesn't show plainly that plaintiffs have engaged in sanctionable conduct. Nothing suggests that they filed this lawsuit as a means to harass or drive up costs for Mr. Daubenmire. Instead, their most recent filing explains why they named Mr. Daubenmire as a defendant. *See generally* Doc. 73. Plaintiffs assert that they met Mr. Daubenmire at an anti-abortion protest and that Mr. Daubenmire also has met defendant Kevan Meyers in the context of protest activities. Construing those assertions liberally and taking them as true, as the court must at the pleading stage, plaintiffs allege that Mr. Daubenmire conspired with Kevan Meyers to harass plaintiffs and interfere with their access to reproductive health services. Although these allegations don't assert a viable cause of action against Mr. Daubenmire, the court can't find that the pro se plaintiffs have committed sanctionable conduct by naming him as a defendant in this lawsuit. But, the court warns plaintiffs. The Federal Rules apply to all litigants, including those who

proceed pro se like plaintiffs do here. Rule 11 requires that all litigants must certify that their filings have a reasonable factual basis and contain nonfrivolous legal arguments. In a different factual scenario, a lawsuit alleging purely conclusory allegations against a defendant could qualify as sanctionable conduct. Although the court declines to award sanctions here, the court instructs plaintiffs that they must mind Rule 11 when prosecuting a lawsuit as pro se litigants.

Also, in coming to the conclusion denying sanctions, the court does not ignore that Mr. Daubenmire has expended fees to pay an Ohio attorney to help defend this lawsuit. But, the court is reluctant to award Mr. Daubenmire those fees as a sanction for plaintiffs' conduct when he was not forthcoming about his counsel's involvement in preparing his filings. That non-disclosure conflicts with our court's rules requiring disclosure of an attorney's involvement in drafting legal filings. While it's a close call, the court exercises its discretion and decides on these facts that sanctions aren't warranted. So, it denies Mr. Daubenmire's Motion for Sanctions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant David Daubenmire's Motion for Sanctions (Doc. 66) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**