IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JONATHAN PENNINGTON AND BROOKE PENNINGTON,**<br><br>            **Plaintiffs,**<br><br>v.<br><br>**KEVAN MEYERS,**<br><br>            **Defendant.** | Case No. 21-2591-DDC-RES |

### MEMORANDUM AND ORDER

On March 18, 2022, pro se plaintiffs Jonathan and Brooke Pennington[1] filed a "Motion for Dismissal." Doc. 67. It asks the court to "dismiss this case[,]" and says plaintiffs "have received, read, and considered the most recent order from this court, and ultimately have decided not to proceed further with this case." *Id.* at 1. As a consequence, they "pray for dismissal." *Id.* The court ordered the remaining defendant—Kevan Meyers—to submit any response to the motion by Friday, April 1. Doc. 69. To date, Mr. Meyers hasn't filed a response to plaintiffs' "Motion for Dismissal."

On March 31, 2022, the Clerk of the Court docketed a "Rejection Notice" submitted by plaintiff Jonathan Pennington. Doc. 71. The filing is a screen shot of an email reply to a CM/ECF notification email. *Id.* The response reads: "'NO CONSENT. no contract. STOP.'" *Id.* And, it is signed, "With Regards, Jon Pennington." *Id.*

---

[1] Because plaintiffs proceed pro se, the court construes their filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, plaintiffs' pro se status does not excuse them from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Based on these filings—including the pending "Motion for Dismissal" that plaintiffs never have withdrawn—the court grants plaintiffs' motion and dismisses the remaining claims against defendant Kevan Meyers without prejudice.

The court recognizes that plaintiffs just recently filed a "Motion for Relief." Doc. 72. It recites that plaintiffs "have arrived at the agreement and desire to seek dispensation of relief sought in the case of the remaining defendant, Kevan Meyers." *Id.* at 1. Also, it asserts: "The relief sought in the original complaint is still the relief for which Plaintiffs pray, as it applies to Defendant Kevan Meyers alone," and they seek $100 million (plus treble damages) in compensatory damages, $1 million (plus treble damages) in punitive damages, injunctive relief, and the "issuance of a criminal referral" referring Kevan Meyers "to the criminal prosecuting attorney in the appropriate jurisdiction of the United States District Court(s), or other court(s) as the discretion of the presiding judge, for criminal prosecution(s) in connection with the crimes alleged in this civil complaint[.]" *Id.* at 2. The court already has explained several times that plaintiffs can't possibly secure much of the relief they purport to seek in their most recent filing. *See* Doc. 52 at 5–7 (explaining that plaintiffs had no private right of action to assert violations of criminal statutes and that plaintiffs had failed to allege plausible RICO claims that would permit recovery of treble damages); *see also* Doc. 64 at 8–10 (same). And, the court can't square plaintiffs' recent filing with their still pending "Motion for Dismissal" and the "Rejection Notice" as both convey explicitly that plaintiffs no longer wish to prosecute this lawsuit. The court thus grants plaintiffs' "Motion for Dismissal."

**IT THEREFORE ORDERED BY THE COURT THAT** plaintiffs' "Motion for Dismissal" (Doc. 67) is granted. The court dismisses without prejudice the remaining claims in

this lawsuit asserted against defendant Kevan Meyers under Fed. R. Civ. P. 41(a)(2).  The court directs the Clerk of the Court to close this case.

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**